ESTADO LIBRE ASOCIADO DE PUERTO RICO
EN EL TRIBUNAL DE APELACIONES
PANEL IV

| WILMINGTON SAVINGS FUND SOCIETY, FSB, NOT INDIVIDUALLY BUT SOLELY AS TRUSTEE FOR FINANCE OF AMERICA STRUCTURED SECURITIES ACQUISITION TRUST 2019-HB1 <br><br> Recurrida <br><br> v. <br><br> MARÍA SOLORES ALAMO FIGUEROA T/C/C MARÍA D. ALAMO FIGUEROA; ESTADOS UNIDOS DE AMÉRICA <br><br> Peticionaria | **TA2025CE00218** | *CERTIORARI* procedente del Tribunal de Primera Instancia Sala Superior de Fajardo <br><br> Civil Núm.: FA2022CV00986 <br><br> Sobre: Ejecución de Hipoteca |

Panel integrado por su presidenta, la Jueza Ortiz Flores, el Juez Bonilla Ortiz y la Jueza Martínez Cordero.

Bonilla Ortiz, Juez Ponente

## SENTENCIA

En San Juan, Puerto Rico a 28 de agosto de 2025.

Comparece ante este foro la Sra. María Dolores Álamo Figueroa t/c/c María D. Álamo Figueroa (señora Álamo o "la peticionaria") y nos solicita que revisemos una *Orden* emitida por el Tribunal de Primera Instancia, Sala Superior de Fajardo, notificada el 22 de mayo de 2025. Mediante el referido dictamen, el foro primario declaró *No Ha Lugar* la solicitud de relevo de sentencia presentada por la peticionaria.

Por los fundamentos que expondremos a continuación, expedimos el auto, y **REVOCAMOS** el dictamen recurrido.

### I.

El 7 de octubre de 2022, Wilmington Savings Fund Society, FSB, Not Individually but Solely as Trustee for

Finance of America Structured Securities Acquisition Trust 2019-HB1 (Wilmington o "parte recurrida") presentó una *Demanda* en ejecución de hipoteca en contra de la señora Álamo.[1] En esencia, alegó que el 22 de marzo de 2011, en consideración de un préstamo revertido, garantizado por la Administración Federal de Vivienda (FHA), la peticionaria suscribió un pagaré hipotecario a favor de Urban Financial Group, Inc., o a su orden, mediante el cual concedió un préstamo por $255,000.00 del principal y 5.300% de intereses. Sostuvo que, dicho pagaré fue asegurado mediante una hipoteca sobre una propiedad ubicada en el Municipio de Carolina.

No obstante, indicó que la peticionaria incurrió en incumplimiento contractual por haber dejado de mantener la propiedad asegurada. Por lo que, declararon la totalidad de la deuda vencida, líquida y exigible. Así pues, solicitaron la suma del principal $163,390.46, más los intereses, gastos, costas y honorarios de abogado. Junto con la *Demanda* incluyeron los emplazamientos a ser diligenciados.

El 1 de diciembre de 2022, Wilmington presentó una *Moción Sometiendo Emplazamiento Diligenciado y Solicitando Emplazamiento por Edicto*.[2] Señaló que, la señora Álamo no había podido ser localizada para ser emplazada, aun cuando realizaron múltiples diligencias requeridas por ley. Asimismo, incluyó una *Declaración Jurada* suscrita por el emplazador, el Sr. Christopher Knapp Romero (señor Knapp o Emplazador).

---

[1] *Demanda*, entrada núm. 1 en el Sistema Unificado de Manejo y Administración de Casos.
[2] *Moción Cometiendo Emplazamiento Diligenciado y Solicitando Emplazamiento por Edicto*, entrada núm. 5 en SUMAC.

En la misma fecha, el foro primario notificó una *Orden*, mediante la cual autorizó el emplazamiento por edicto y su notificación mediante correo certificado con acuse de recibo dentro de los próximos 10 días de publicado el edicto.[3]

El 17 de febrero de 2023, la parte recurrida presentó *Moción al Expediente Judicial*, junto con la cual anejó la declaración jurada del periódico "*El Nuevo Día*" y evidencia del correo certificado, de esta surge que fue publicada el 20 de diciembre de 2022.[4]

En la misma fecha, Wilmington presentó *Moción en Solicitud de Sentencia en Rebeldía*.[5] Reiteró que, a pesar de que la parte peticionaria fue emplazada, y habiendo expirado el término de 30 días sin que presentara alegación responsiva alguna, procedía la anotación de rebeldía.

El 22 de febrero de 2023, el foro primario mediante *Orden*, anotó la rebeldía a la parte peticionaria.[6] Acto seguido, emitió una *Sentencia en Rebeldía*, en la cual determinó que la señora Álamo adeudaba la suma de $228,357.43, más $25,000.00 para gastos, costas y honorarios de abogado.[7] Asimismo, dispuso que, de no cumplir con el pago de la deuda, se ordenaría la venta en pública subasta de la propiedad hipotecada. Simultáneamente, emitieron una *Notificación de Sentencia por Edicto* en la cual advirtió que se publicaría en un periódico de circulación general en Puerto Rico dentro de los diez (10) días siguientes a la notificación.[8]

---

[3] *Orden*, entrada núm. 6 en SUMAC.
[4] *Moción al Expediente Judicial*, entrada núm. 9 en SUMAC.
[5] *Moción en Solicitud de Sentencia en Rebeldía*, entrada núm. 10 en SUMAC.
[6] *Orden*, entrada núm. 11 en SUMAC.
[7] *Sentencia en Rebeldía*, entrada núm. 12 en SUMAC.
[8] *Notificación de Sentencia por Edicto*, entrada núm. 14 en SUMAC.

El 2 de mayo de 2023, Wilmington presentó una *Moción Solicitando Ejecución de Sentencia.*[9] Arguyó que, la *Sentencia en Rebeldía* había advenido final y firme, por lo que, solicitaba su ejecución. Señaló que, el 28 de febrero de 2023, fue publicado el edicto y el 1 de marzo de 2023, le fue enviado por correo certificado la notificación de la *Sentencia*. Por consiguiente, el foro recurrido dictó una *Orden sobre Ejecución de Sentencia y Venta de Bienes*.[10]

Luego de varias instancias procesales, el 21 de enero de 2025, la señora Álamo, por derecho propio, presentó una *Moción Solicitado Desestimación*.[11] En esta, indicó que no había sido emplazada conforme a derecho, por lo que, solicitó la nulidad de la sentencia.

El 29 de enero de 2025, el foro primario notificó una *Orden*, mediante la cual ordenó una paralización de lanzamiento.[12]

El 19 de febrero de 2025, Wilmington presentó su *Oposición a Solicitud de Desestimación*.[13] En esta, arguyó que el emplazamiento fue conforme a las disposiciones legales. Sostuvo que, el emplazador realizó gestiones para tratar de localizar a la peticionaria, sin embargo, no fue posible. Asimismo, señaló que copia de la demanda y del emplazamiento fue notificado a las dos direcciones en récord, tanto física como postal. Además, le habían notificado todos los documentos del proceso posterior a ello incluida la

---

[9] *Moción Solicitando Ejecución de Sentencia,* entrada núm. 15 en SUMAC.
[10] *Orden sobre Ejecución de Sentencia y Veta de Bienes*, entrada núm. 16 en SUMAC.
[11] *Moción Solicitado Desestimación*, entrada núm. 41 en SUMAC.
[12] *Orden*, entrada núm. 43 en SUMAC.
[13] *Oposición a Solicitud de Desestimación*, entrada núm. 45 en SUMAC.

sentencia, mociones y subasta sin que esta haya comparecido a defenderse. Finalmente, que no recibieron notificaciones devueltas y la señora Álamo no puso en duda dichas direcciones.

Así las cosas, el 20 de febrero de 2025, el foro recurrido emitió una *Orden*, en la cual declaró *No Ha Lugar* la moción de desestimación.[14]

Posteriormente, el 30 de abril de 2025, la señora Álamo, representada por la Corporación de Servicios Legales de Puerto Rico, presentó una *Solicitud de Relevo de Sentencia por Nulidad al Haber sido Emitida sin Cumplir con Requisito Jurisdiccional*.[15] En primer lugar, expresó que la parte recurrida, sin presentar la fianza de no residente, solicitó emplazar por edicto a la peticionaria. Segundo, destacó que la dirección de la señora Álamo era la HC 02 Box **15156**, Río Grande, PR 00745, y no la utilizada HC 02 Box **15136**, Río Grande, PR 00745, por lo que, emplazamiento fue defectuoso y el foro recurrido no adquirió jurisdicción de la peticionaria. Finalmente, dispuso que no realizaron el referido a mediación compulsoria, por lo que, el foro *a quo* incumplió con citar a las partes, luego de tomar conocimiento del diligenciamiento del emplazamiento. Por consiguiente, la sentencia se considera nula ya que el Tribunal no tenía jurisdicción.

El 20 de mayo de 2025, Wilmington presentó su *Oposicion a Solicitud de Relevo de Sentencia por Nulidad al sido Emitida Sin Cumplir con Requisito*

---

[14] *Orden*, entrada núm. 46 en SUMAC.
[15] *Solicitud de Relevo de Sentencia por Nulidad al Haber sido Emitida sin Cumplir con Requisito Jurisdiccional*, entrada núm. 48 en SUMAC.

*Jurisdiccional*.[16] En síntesis, alegó que la dirección a la cual la señora Álamo fue notificada sobre el emplazamiento fue provista por ella misma al momento de otorgarse el préstamo. Añadió que, ésta proveyó su información y certificó bajo su firma que la información contenida era la correcta. A su vez, que le han notificado todos los documentos del proceso posterior al emplazamiento, sin que compareciera a defenderse. En cuanto a la mediación compulsoria, planteó que el foro primario tomó conocimiento de las diligencias del emplazamiento, por lo que, no correspondía referir el pleito a mediación.

Luego de evaluar las mociones, el 22 de mayo de 2025, el foro primario mediante *Orden*, declaró No Ha Lugar la *Moción de Relevo de Sentencia* presentada por la peticionaria.[17]

En desacuerdo, el 6 de junio de 2025, la señora Álamo presentó una *Moción de Reconsideración*.[18] En esta, reiteró que el emplazamiento fue defectuoso, y más cuando los recurridos conocían la dirección postal correcta, ya que desde el 2019 le enviaban correspondencia a dicha dirección.

Por su parte, el 23 de junio de 2025, Wilmington presentó su *Oposición a Reconsideración*.[19] En esencia, sostuvo que la peticionaria conocía de la causa de acción desde el momento en que intentaron emplazarla personalmente, y había sido ella quien insistió en

---

[16] *Oposicion a Solicitud de Relevo de Sentencia por Nulidad al sido Emitida Sin Cumplir con Requisito Jurisdiccional*, entrada núm. 54 en SUMAC.
[17] *Orden*, entrada núm. 55 en SUMAC.
[18] *Moción de Reconsideración*, entrada núm. 56 en SUMAC.
[19] *Oposición a Reconsideración*, entrada núm. 58 en SUMAC.

emplazarla por edicto. Por lo que, solicitó fuera denegada la moción de reconsideración.

El 17 de julio de 2025, el foro primario notificó una *Orden*, en la cual denegó la moción de reconsideración.[20]

Aún inconforme el 30 de julio de 2025, la peticionaria presentó el recurso de epígrafe y señaló la comisión del siguiente error:

> ERRÓ EL TPI AL DECLARAR NO HA LUGAR LA SOLICITUD DE RELEVO DE SENTENCIA POR NULIDAD AL HABER SIDO EMITIDA SIN CUMPLIR CON REQUISITO JURISDICCIONAL A PESAR DE QUE NO ADQUIRIÓ JURISDICCIÓN SOBRE LA PERSONA DE LA RECURRENTE POR NO HABER SIDO EMPLAZADA CONFORME A DERECHO Y POR NO HABERSE CUMPLIDO CON EL REQUISITO JURISDICCIONAL DE REFERIDO A MEDIACIÓN COMPULSORIA DE LA LEY 184-2012, SEGÚN ENMENDADA.

En la misma fecha, la señora Álamo presentó una *Moción Urgente en Auxilio de Jurisdicción*. A la cual, declaramos *Ha Lugar*, por consiguiente, ordenamos la paralización inmediata de los procedimientos ante el foro primario. Asimismo, le concedimos a la parte recurrida hasta el 11 de agosto de 2025 para que presentara su posición. En cumplimiento con nuestra orden, Wilmington presentó su alegato en oposición.

Con el beneficio de la comparecencia de las partes, procedemos a atender el recurso.

## II.

### -A-

El término jurisdicción se ha definido como el poder o autoridad de un tribunal para considerar y decidir casos y controversias. *Ruiz Camilo v. Trafon Group, Inc.*, 200 DPR 254, 267 (2018); *Yumac Home v. Empresas Massó*, 194 DPR 96, 103 (2015*); Horizon Media v.*

---

[20] *Orden*, entrada núm. 61 en SUMAC.

*Jta. Revisora, RA Holdings*, 191 DPR 228, 233 (2014). Las cuestiones jurisdiccionales son materia privilegiada y deben resolverse con preferencia a los demás asuntos. A su vez, el Tribunal Supremo de Puerto Rico ha establecido, que evaluar los aspectos jurisdiccionales son parte de nuestro deber ministerial y debe hacerse antes de que el tribunal pueda conocer del pleito. *Ruiz Camilo v. Trafon Group, Inc.,* supra; *Mun. San Sebastián v. QMC Telecom, OGP,* 190 DPR 652, 660 (2014); *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007). Así pues, cuando un tribunal efectúa un dictamen careciendo de jurisdicción sobre la materia o sobre la persona, su actuación u orden se considera nula. *López García v. López García*, 200 DPR 50 (2018); *First Bank of PR v. Inmob. Nac., Inc.*, 144 DPR 901, 913 (1998).

Respecto a la jurisdicción sobre la persona o *in personam,* se refiere al poder o autoridad que tiene un tribunal para sujetar a una persona a una decisión obligatoria declarando sus respectivos derechos y obligaciones. *Cancel Rivera v. González Ruiz*, 200 DPR 319 (2018); *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 702 (2012). Nuestro Tribunal Supremo ha expresado, que "[e]l concepto de jurisdicción *in personam* está inextricablemente atado al debido proceso de ley." *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 21 (1993).

-B-

El emplazamiento es el mecanismo procesal mediante el cual se le notifica a una parte demandada sobre la existencia de una reclamación instada en su contra y le es requerido que comparezca para que formule su alegación responsiva. Es mediante su debido

diligenciamiento, que el tribunal adquiere jurisdicción sobre su persona para resolver el asunto. C*ancel Rivera v. González Ruiz,* 200 DPR 319, 330 (2018); *Torres Zayas v. Montano Gómez,* 199 DPR 458, 467 (2017); *Global v. Salaam*, 164 DPR 474, 480 (2005).

Dicho mecanismo tiene como propósito principal el notificar a la parte demandada de forma sucinta y sencilla que se ha presentado una acción en su contra, garantizándole la oportunidad de comparecer en el juicio, ser oído y presentar prueba a su favor. *Torres Zayas v. Montano Gómez*, supra; *Bonilla Ramos v. Dávila Medina*, 185 DPR 667, 682 (2012); *Banco Popular v. SLG Negrón,* 164 DPR 855, 863 (2005). Conforme lo anterior, no es hasta que se diligencie el emplazamiento y se adquiera jurisdicción, cuando la persona puede ser considerada propiamente parte.

Los requisitos para la expedición, forma y diligenciamiento de un emplazamiento están regulados por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V, R.4, y su inobservancia priva al tribunal de su jurisdicción sobre la persona del demandado. *Torres Zayas v. Montano*, supra, pág. 467; *Datiz Vélez v. Hospital Episcopal*, 163 DPR 10, 15 (2004). Tales requisitos son de cumplimiento estricto y su adecuado diligenciamiento constituye un imperativo constitucional del debido proceso de ley. *Bernier González v. Rodríguez Becerra,* 200 DPR 637, 645 (2018); *Quiñones Román v. Cía. ABC,* 152 DPR 367, 374 (2000).

Según la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6, cuando el emplazamiento de una parte se hace mediante edictos, se dirigirá "a la parte demandada una copia del emplazamiento y de la demanda presentada,

por correo certificado con acuse de recibo o cualquier otra forma de servicio de entrega de correspondencia con acuse de recibo […] al lugar de su última dirección física o postal conocida." Este último requisito solo admite una excepción, a saber, si se llega a justificar "mediante una declaración jurada que, a pesar de los esfuerzos razonables realizados, dirigidos a encontrar una dirección física o postal de la parte demandada, con expresión de éstos, no ha sido posible localizar dirección alguna de la parte demandada, en cuyo caso el tribunal excusará el cumplimiento de esta disposición." *Íd*.

Similarmente, la Regla 4.7 de Procedimiento Civil, 32 LPRA Ap. V, R. 4.7, dispone un requisito para evidenciar al Tribunal el diligenciamiento de dicho emplazamiento por edicto. La precitada Regla requiere que se pruebe la publicación "mediante la declaración jurada del (de la) administrador(a) o agente autorizado(a) del periódico, acompañada de un ejemplar del edicto publicado y de un escrito del abogado o abogada que certifique que se depositó en el correo una copia del emplazamiento y de la demanda". *Íd*.

–C–

La Regla 49.2 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 49.2, es un remedio procesal disponible para solicitar al tribunal el relevo de los efectos de una sentencia por causa justificada; es decir, por alguno de los fundamentos allí establecidos. La regla aludida establece lo siguiente:

> Mediante una moción y bajo aquellas condiciones que sean justas, el tribunal podrá relevar a una parte o a su representante legal de una sentencia, orden o procedimiento por las razones siguientes:

(a) error, inadvertencia, sorpresa o negligencia excusable;

(b) descubrimiento de evidencia esencial que, a pesar de una debida diligencia, no pudo haber sido descubierta a tiempo para solicitar un nuevo juicio de acuerdo con la Regla 48 de este apéndice;

(c) fraude (incluso el que hasta ahora se ha denominado "intrínseco" y el también llamado "extrínseco"), falsa representación u otra conducta impropia de una parte adversa;

(d) nulidad de la sentencia;

(e) la sentencia ha sido satisfecha, renunciada o se ha cumplido con ella, o la sentencia anterior en que se fundaba ha sido revocada o de otro modo dejada sin efecto, o no sería equitativo que la sentencia continúe en vigor, o

(f) cualquier otra razón que justifique la concesión de un remedio contra los efectos de una sentencia.

La moción de relevo de sentencia es un mecanismo post sentencia creado con el objetivo de impedir que sofisticaciones y tecnicismos puedan privar los fines de la justicia. *García Colón et al. v. Sucn. González*, 178 DPR 527, 539 (2010); *Náter Cardona v. Ramos Muñiz*, 162 DPR 616, 624, (2004); *Ortiz Serrano v. Ortiz Díaz*, 106 DPR 445, 449 (1977); *Southern Construction Co. v. Tribunal Superior,* 87 DPR 903, 905- 906 (1963). No obstante, aunque el remedio de reapertura existe por el bien de la justicia, no constituye una facultad judicial absoluta, ya que a éste se contrapone la fundamental finalidad de que haya certeza y estabilidad en los procedimientos judiciales, y de que se eviten demoras innecesarias en el trámite judicial. Es por ello que, le toca al tribunal establecer un balance adecuado entre ambos intereses. *Piazza Vélez v. Isla del Rio, Inc.,*

158 DPR 440, 448 (2003); *Fine Art Wallpaper v. Wolff*, 102 DPR 451, 457-458 (1974).

Al conceder un remedio contra los efectos de una sentencia, el tribunal debe determinar si bajo las circunstancias específicas del caso existen razones que justifiquen tal concesión. *Olmeda Nazario v. Jiménez*, 123 DPR 294, 299 (1989); *Dávila v. Hosp. San Miguel, Inc.*, 117 DPR 807 (1986). En este sentido, previo a dejar sin efecto una sentencia, se deberán considerar ciertos criterios a fin de salvaguardar los derechos de las partes envueltas en el litigio, a saber: (a) si el apelante tiene una buena defensa en su méritos; (b) el tiempo que media entre la sentencia y la solicitud de relevo; (c) el grado de perjuicio que pueda ocasionarle a la otra parte la concesión del referido relevo; (d) el perjuicio, si alguno, que sufriría la parte promovente si el tribunal no concede el remedio solicitado; y (e) si el promovente de la solicitud ha sido diligente en la tramitación de su caso. *Reyes Díaz v. Estado Libre Asociado de Puerto Rico*, 155 DPR 799 (2001); *Pardo v. Sucn. Stella*, 145 DPR 816 (1998); *García Colón et al. v. Sucn. González,* supra, págs. 540-541*; Neptune Packing Corp. v. Wackenhut Corp.,* 120 DPR 283 (1988).

Por lo tanto, para que proceda el relevo de sentencia de conformidad con la Regla 49.2 de Procedimiento Civil, *supra*, es necesario que la parte peticionaria establezca, al menos, una de las razones enumeradas en esa regla para tal relevo. Es decir, la parte peticionaria está obligada a justificar su solicitud amparándose en una de las causales establecidas en la regla. *García Colón et al. v. Sucn. González,* supra, pág. 540; *Reyes v. ELA et al.*, 155 DPR

799, 809 (2001). Además, relevar a una parte de los efectos de una sentencia es una decisión discrecional del tribunal, salvo en los casos de nulidad o cuando la sentencia ha sido satisfecha. *García Colón et al. v. Sucn. González,* supra; *Rivera v. Algarín,* 159 DPR 482, 490 (2003); *Garriga Gordils v. Maldonado Colón*, 109 DPR 817, 823-824 (1980); R. Hernández Colón, *Práctica Jurídica de Puerto Rico: Derecho Procesal Civil,* 4ta ed., San Juan, Ed. LexisNexis, 2007, Sec. 4803, pág. 352.

En cuanto a la interpretación de dicho mecanismo procesal, nuestro Tribunal Supremo ha establecido que, aunque no puede ser utilizado en sustitución de los recursos de revisión o reconsideración, una moción de relevo de sentencia debe ser interpretada liberalmente y cualquier duda debe ser resuelta a favor de la parte que solicita se deje sin efecto la sentencia. *García Colón et al. v. Sucn. González*, supra, págs. 540-541; *Náter Cardona v. Ramos Muñiz*, supra, págs. 624-625. Así mismo, el Tribunal Supremo en *Pagán v. Alcalde Mun. de Cataño,* 143 DPR 314 (1997), determinó que "[u]na interpretación liberal de la citada Regla 49.2 permite considerar una moción de reconsideración como de relevo de sentencia, aun después de haber transcurrido el término para considerar la reconsideración o aun después de haber advenido final y firme la sentencia." *Íd.,* pág. 329.

Además, la moción de relevo de sentencia debe presentarse dentro de un término razonable que no exceda los seis (6) meses establecidos en la Regla 49.2, *supra*. No obstante, el plazo aludido es inaplicable cuando se trata de una sentencia nula. *García Colón et al. v.*

*Sucn. González*, supra, pág. 543; *Pardo Santos v. Sucn. De Jorge Stella Royo*, supra, pág. 824. Por ejemplo, una sentencia es nula si ha sido dictada por un tribunal o foro sin jurisdicción. Como es sabido, una sentencia nula tiene que dejarse sin efecto, independientemente de los méritos que pueda tener la defensa o la reclamación del perjudicado. La discreción que tiene el tribunal para relevar a una parte de los efectos de una sentencia resulta inaplicable cuando es nula. Dicho de otro modo, ante la certeza de que una sentencia es nula, resulta mandatorio declarar su inexistencia jurídica, por lo que no cabe hablar de discreción en cuanto a tal proceder. Ello es así, independientemente de que la solicitud se haga luego de transcurrido el plazo de seis (6) meses establecido en la Regla 49.2 de Procedimiento Civil, *supra*. *García Colón el al. v. Sucn. González*, supra, págs. 543-544. Dicha excepción resulta cónsona con la porción de la Regla 49.2, *supra*, que expresa que dicha regla "no limita el poder del tribunal para: … (2) conceder un remedio a una parte que en realidad no haya sido emplazada."

## III.

En el caso de autos, la señora Álamo solicita que declaremos nula la *Sentencia* emitida el 17 de julio de 2025. En esencia, alega que dicha *Sentencia* es nula por falta de jurisdicción, debido a que, el emplazamiento por edicto fue defectuoso, además de no referir el caso a mediación compulsoria. La peticionaria plantea que Wilmington conocía la dirección postal correcta, ya que desde el 2019 le enviaban correspondencia relacionadas al *Reverse Mortgage*. Sin embargo, omitió notificarle adecuadamente el emplazamiento por edicto, siendo

enviados a una dirección que sabían era incorrecta. Por consiguiente, reitera que la *Sentencia* y todos los procesos post sentencia son nulos ya que el foro recurrido nunca adquirió jurisdicción sobre la peticionaria.

En cuanto a la mediación compulsoria, arguye que una vez se presentó la demanda, el foro de instancia debió citar a las partes a una vista, y no anotarle la rebeldía sin cumplir con dicho requisito de ley. Por lo que, el incumplimiento de un requisito jurisdiccional tiene como consecuencia la privación de jurisdicción del tribunal para atender el asunto.

Por su parte, Wilmington alega que el emplazamiento por edicto se realizó porque la peticionaria se negó a ser emplazada personalmente, como tampoco no desmintió que ocurrió una llamada con el emplazador. A su vez, que fue notificada del pleito y del proceso de subasta, pero no fue hasta luego de la subasta que compareció solicitando la desestimación del pleito. De igual forma, sostiene que el emplazamiento por edicto debe ser considerado como correcto, dado que la dirección fue brindada por la propia peticionaria. Por lo que, no tenían por qué hacer gestiones para identificar otra dirección. Además, que presentaron la declaración jurada del emplazador en la que detalló las gestiones realizadas para emplazarla y su contenido fue suficiente en derecho para colocar al foro primario en posición de ejercer su sana discreción.

En cuanto a la mediación compulsoria, arguye que la propia peticionaria indicó que no se encontraba viviendo en la residencia y el foro recurrido tenía constancia de que la propiedad estaba desocupada. Por ende, para

beneficiarse del proceso de mediación, la propiedad residencial debe constituir la vivienda principal para que proceda citar a las partes a una vista. Así las cosas, reiteró que el foro primario actuó correctamente al denegar el remedio de la peticionaria.

Conforme a la normativa antes expuesta, la jurisdicción es aquel poder y autoridad que ostenta un tribunal para considerar y decidir casos y controversias. Mediante el emplazamiento, el Tribunal adquiere jurisdicción sobre la persona del demandado. El emplazamiento es de suma importancia, pues no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción sobre su persona, es que esta se considera parte del pleito. Del mismo modo, si un tribunal emite una sentencia sin ostentar jurisdicción sobre la persona del demandado, su determinación será considerada inexistente o *ultra vires*.

El término de seis (6) meses para presentar un relevo de sentencia conforme en la Regla 49.2 de Procedimiento Civil, *supra*, no aplica cuando se reclama la nulidad de una sentencia, por falta de jurisdicción sobre la persona. Nuestro Tribunal Supremo, ha planteado que una vez se conoce que la sentencia es nula, es mandatorio declarar su inexistencia jurídica. *García Colón el al. v. Sucn. González*, supra.

De otra parte, la precitada Regla, dispone un mecanismo post sentencia que permite solicitar el relevo de una sentencia siempre que esté presente alguno de los fundamentos allí contenidos. La aludida disposición provee para que el Tribunal pueda relevar a una parte por, entre otras razones, nulidad de sentencia.

En el caso ante nuestra consideración, Wilmington presentó una *Demanda* junto con el formulario de emplazamiento para su expedición. En la *Demanda*, indicó que la dirección postal de la peticionaria era HC 02 Box 15136, Río Grande, PR 00745. Sin embargo, la peticionaria no pudo ser localizada después de realizadas las diligencias pertinentes o se ocultó para no ser emplazada personalmente, por lo que, solicitaron el emplazamiento por edicto.

Precisa resaltar que no ignoramos, que el foro primario actuó correctamente al autorizar el emplazamiento por edicto, puesto que, según surgía de la declaración jurada del emplazador este acudió a la dirección residencial de la peticionaria y se comunicó vía teléfono, realizando los esfuerzos por emplazarla. Ello, no obstante, del expediente se desprende que, entre el 2019 – 2024 la parte recurrida realizaba envíos relacionados al *Reverse Mortgage* a la dirección postal correcta de la peticionaria. Sin embargo, la parte recurrida optó por realizar el emplazamiento a otra dirección. Dicha acción por parte de Wilmington es una violación al debido proceso de ley que conlleva obligatoriamente el relevo de la sentencia.

Por consiguiente, resolvemos que procede el relevo de sentencia toda vez que el foro primario quebrantó el debido proceso de ley de la señora Álamo. Así pues, procede declarar nula la *Sentencia* al amparo de la Regla 49.2 de Procedimiento Civil, *supra*.

**IV.**

Por los fundamentos antes expuestos, se expide el auto solicitado y **REVOCAMOS** el dictamen recurrido.

Lo pronunció y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones